[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 98 
Excelsior Financial, Inc. ("Excelsior"), one of the defendants in an action filed by Jeanie S. Tillis and Lowell A. Tillis in the Barbour Circuit Court, has filed a petition for a writ of mandamus requesting this Court to direct the trial court to vacate its order denying Excelsior's motion to dismiss the claims against it for lack of personal jurisdiction. We grant the petition and issue the writ.
 I. Procedural History
On March 18, 2009, the Tillises sued Excelsior, WM Page Associates, Inc., d/b/a The Lifeline Program ("Lifeline"), and Fredrickson Brokerage Insurance and Jeffrey Dale Fredrickson (collectively "Fredrickson"). The Tillises alleged that the defendants misrepresented certain facts that caused the Tillises to convert two life-insurance policies from term policies to whole-life policies with higher premiums in the belief that Lifeline would then purchase the policies for a specified sum. The complaint alleged, against all the defendants, fraudulent inducement; suppression; misrepresentation; negligent and wanton hiring, training, and supervision; and breach of a fiduciary duty.
On April 27, 2009, Excelsior moved to dismiss the claims against it under Rule 12(b)(2), Ala. R. Civ. P., asserting that the trial court lacked personal jurisdiction over it. The Tillises responded to the motion, and the trial court heard oral arguments on Excelsior's motion on July 8, 2009. On July 30, 2009, the trial court denied Excelsior's motion. Excelsior then filed a petition for a writ of mandamus with this Court, asking us to direct the trial court to vacate its order denying Excelsior's motion. This Court ordered the Tillises to file an answer and brief and ordered Excelsior to file a response.
 II. Factual Background
In their complaint, the Tillises alleged that Excelsior and Lifeline were foreign corporations doing business by agent in Barbour County; that Fredrickson Brokerage Insurance was an Alabama corporation doing business in Alabama; and that Jeffrey Dale Fredrickson was a resident of Barbour County. In paragraphs 8-9 and again in paragraphs 19-20 of the complaint the Tillises alleged:
 "8. [and 19.] On or about August 11, 2008, in Barbour County, Alabama, Defendants approached [the Tillises] about purchasing [the Tillises'] two life insurance policies.
 "9. [and 20.] Defendants represented to, induced, and convinced [the Tillises] that if they converted their two existing term insurance policies into whole life policies, Defendant Lifeline would purchase these policies for the sum of $94,000."
According to the complaint, the Tillises converted their two life-insurance policies to whole-life policies and incurred additional premium costs in reliance on the defendants' representations that Lifeline would then purchase the policies, but Lifeline refused to purchase the policies. Without stating specifics, the Tillises alleged that there was a pattern and practice of fraud among the defendants relating to the conversion and promise of a sale of the Tillises' policies. The Tillises also alleged in paragraph 16 of the complaint:
 "At all relevant times, each Defendant was an agent and/or representative of *Page 99 
each other Defendant. In committing the acts alleged herein, the Defendants acted within the scope of their agency and/or employment and were acting with the consent, permission, authorization and knowledge of all other Defendants and perpetrated and/or conspired with and/or aided and abetted the unlawful, improper, and fraudulent acts described herein."
To support its motion to dismiss, Excelsior submitted a certificate from the Alabama Secretary of State stating that the records maintained by the secretary for both domestic and foreign corporations did not include any records related to Excelsior. Excelsior also submitted an affidavit of Suzanne Hill, its chief financial officer, chief executive officer, and president, and an affidavit of Melanie Dixon, its office manager. The affidavits state the following facts regarding Excelsior and its relationship with the Tillises.
Excelsior, a Georgia corporation with a principal place of business in Georgia, brokers existing life-insurance policies for sale in the secondary market. Excelsior is not licensed to conduct business in Alabama. It does not own property or maintain an office, a mailing address, a telephone number, or a bank account in Alabama. Excelsior does not pay taxes in Alabama and has never advertised its services in Alabama. Hill and Dixon are Excelsior's only two employees. Neither Hill nor Dixon have ever traveled to Alabama to conduct business for Excelsior. According to Hill's affidavit, during the five years preceding the filing of the Tillises' action, Excelsior was involved in only two sales of life-insurance policies owned by Alabama residents: the Tillises' transaction and an unrelated sale. Excelsior received a total of $8,000 in commissions from those sales.
Hill and Dixon denied the allegations in the complaint that Excelsior, its employees, or its agents had initiated contact with the Tillises regarding the possible sale of their life-insurance policies. Hill and Dixon also denied that Excelsior, its employees, or its agents misled the Tillises, suppressed information from them, or entered into any agreement to do so. Hill and Dixon further denied that any agency relationship existed between Excelsior and the other defendants.
According to Hill and Dixon, Excelsior was contacted by Charlie Meagher, a life-insurance agent in Georgia, who asked Excelsior to assist Meagher in finding a buyer for the Tillises' policies. Nothing in the materials presented to this Court describes Meagher's relationship with the Tillises or shows when Meagher first contacted Excelsior. Hill and Dixon stated that Excelsior worked solely through Meagher — in Georgia — from the time he first contacted Excelsior until April 18, 2008, when Meagher requested that Excelsior work directly with Fredrickson — in Alabama. The precise nature and extent of Excelsior's work with Fredrickson are unclear; neither Hill's nor Dixon's affidavit describe the relationship in any detail.
In her affidavit, Hill stated that Excelsior did not receive any compensation or send any money to Alabama with respect to the proposed sale of the Tillises' policies to Lifeline — the transaction made the basis of the complaint. Ultimately, Lifeline did not purchase the Tillises' policies, and Excelsior found a different buyer. Excelsior received a $1,700 commission on the sale. Hill and Dixon both stated that the only direct communication between Excelsior and the Tillises was a telephone call to Excelsior from Jeanie Tillis in January 2009, after the policies had been sold.
With their response to Excelsior's motion to dismiss, the Tillises submitted two exhibits. First, the Tillises submitted a July 1, 2008, e-mail from Dixon to Fredrickson *Page 100 
stating that Dixon was sending Fredrickson two offers from Lifeline, presumably offers to purchase the Tillises' policies. Second, the Tillises submitted a facsimile from Fredrickson to Excelsior dated April 3, 2008, in which Fredrickson sent Excelsior an application form. That form, which Lowell Tillis had completed, disclosed information to Excelsior regarding the Tillises and their life-insurance policies. It also authorized third parties to release information to Excelsior.[1]
 III. Standard of Review "`"The writ of mandamus is a drastic and extraordinary writ, to be `issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.' Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503
(Ala. 1993); see also Ex parte Ziglar, 669 So.2d 133, 134 (Ala. 1995)." Ex parte Carter, [807 So.2d 534,] 536 [(Ala. 2001)].'
 "Ex parte McWilliams, 812 So.2d 318, 321
(Ala. 2001). `An appellate court considers de novo a trial court's judgment on a party's motion to dismiss for lack of personal jurisdiction.' Elliott v. Van Kleef, 830 So.2d 726, 729 (Ala. 2002)."
Ex parte Bufkin, 936 So.2d 1042, 1044-45 (Ala. 2006).
 IV. Analysis
"The extent of an Alabama court's personal jurisdiction over a person or corporation is governed by Rule 4.2, Ala. R. Civ. P., Alabama's `long-arm rule,' bounded by the limits of due process under the federal and state constitutions. Sieber v.Campbell, 810 So.2d 641 (Ala. 2001). Rule 4.2(b), as amended in 2004, states:
 `"(b) Basis for Out-of-State Service. An appropriate basis exists for service of process outside of this state upon a person or entity in any action in this state when the person or entity has such contacts with this state that the prosecution of the action against the person or entity in this state is not inconsistent with the constitution of this state or the Constitution of the United States. . . .'
"In accordance with the plain language of Rule 4.2, both before and after the 2004 amendment, Alabama's long-arm rule consistently has been interpreted by this Court to extend the jurisdiction of Alabama courts to the permissible limits of due process. Duke v. Young, 496 So.2d 37 (Ala. 1986);DeSotacho, Inc. v. Valnit Indus., Inc., 350 So.2d 447
(Ala. 1977). As this Court reiterated in Ex parteMclnnis, 820 So.2d 795, 802 (Ala. 2001) (quoting Sudduthv. Howard, 646 So.2d 664, 667 (Ala. 1994)), and even more recently in Hiller Investments Inc. v. Insultech Group,Inc., 957 So.2d 1111, 1115 (Ala. 2006): `Rule 4.2, Ala. R. Civ. P., extends the personal jurisdiction of the Alabamacourts to the limit of due process under the federal and stateconstitutions.' (Emphasis added.)
"This Court discussed the extent of the personal jurisdiction of Alabama courts in Elliott v. Van Kleef,830 So.2d 726, 730 (Ala. 2002): *Page 101 
 "`This Court has interpreted the due process guaranteed under the Alabama Constitution to be coextensive with the due process guaranteed under the United States Constitution. See Alabama Waterproofing Co. v. Hanby, 431 So.2d 141, 145
(Ala. 1983), and DeSotacho, Inc. v. Valnit Indus., Inc., 350 So.2d 447, 449 (Ala. 1977). See also Rule 4.2, Ala. R. Civ. P., Committee Comments on 1977 Complete Revision following Rule 4.4, under the heading "ARCP 4.2." ("Sub-paragraph (I) was included by the Committee to insure that a basis of jurisdiction was included in Alabama procedure that was coextensive with the scope of the federal due process clause. . . .").
 "`The Due Process Clause of the Fourteenth Amendment
permits a forum state to subject a nonresident defendant to its courts only when that defendant has sufficient "minimum contacts" with the forum state. International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The critical question with regard to the nonresident defendant's contacts is whether the contacts are such that the nonresident defendant "`should reasonably anticipate being haled into court'" in the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), quoting WorldWide Volkswagen Corp. v. Woodson, 444 U.S. 286, 295, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).'"
Ex parte DBI, Inc., 23 So.3d 635, 643-44
(Ala. 2009) (footnote omitted).
 "Furthermore, this Court has explained:
 "`. . . The sufficiency of a party's contacts are assessed as follows:
 "`"Two types of contacts can form a basis for personal jurisdiction: general contacts and specific contacts. General contacts, which give rise to general personal jurisdiction, consist of the defendant's contacts with the forum state that are unrelated to the cause of action and that are both `continuous and systematic' Helicopteros Nationals de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n. 9, 415, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); [citations omitted]. Specific contacts, which give rise to specific jurisdiction, consist of the defendant's contacts with the forum state that are related to the cause of action. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-75, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Although the related contacts need not be continuous and systematic, they must rise to such a level as to cause the defendant to anticipate being haled into court in the forum state. Id."
 "`Ex parte Phase HI Constr., Inc., 723 So.2d 1263, 1266 (Ala. 1998) (Lyons, J., concurring in the result). . . .
 "`In the case of either general in personam
jurisdiction or specific in personam
jurisdiction, "[t]he `substantial connection' between the defendant and the forum state necessary for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum State." Asahi Metal Indus. Co. v. Superior Court of California, 480 U.S. 102, 112, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987).'
"Elliott [v. Van Kleef], 830 So.2d [726,] 730-31 [(Ala. 2002)] (emphasis added)." *Page 102 Sverdrup Tech., Inc. v. Robinson, 36 So.3d 34, 42-43
(Ala. 2009).
The Tillises argue that the allegations of their complaint must be taken as true and that Excelsior's petition should be denied because the affidavits Excelsior presented did not deny the substantive allegations of the complaint regarding negligence, wantonness, suppression, and breach of a fiduciary duty. The Tillises rely on Ex parte Puccio, 923 So.2d 1069
(Ala. 2005), and Ex parte Reindel, 963 So.2d 614
(Ala. 2007).
In Puccio, this Court concluded that the trial court did not err in denying a motion to dismiss filed by a corporate officer. In that case, the complaint alleged personal jurisdiction of the officer based on an allegation that the officer acted through an alter ego. Because the officer failed to address the jurisdictional allegations of the complaint regarding his acts through an alter ego, this Court concluded that the trial court did not err in denying the motion to dismiss and allowing the plaintiff to conduct discovery on the jurisdictional issue. 923 So.2d at 1076-77.
In Reindel, this Court reviewed the denial of a motion to dismiss for lack of personal jurisdiction where the plaintiff had alleged jurisdiction based on a conspiracy among the defendants. This Court expressly declined to "define the contours of conspiracy jurisdiction" but noted that the affidavits submitted by the defendants to support their motion to dismiss "`did not rebut, or even address, the key factualallegations on which [the plaintiff's] argument for jurisdiction[was] based.'" 963 So.2d at 622 (quoting party's brief) (emphasis omitted; emphasis added). This Court concluded: "[W]here the complaint alleges conspiracy-based jurisdiction with particularity, failure to deny by affidavit or deposition the existence of, or participation in, a conspiracy will result in a denial of a motion to dismiss for lack of jurisdiction."963 So.2d at 624. In a subsequent case, Ex parteBarton, 976 So.2d 438, 445 (Ala. 2007), this Court explained:
 "`"`Bald speculation' or a `conclusionary statement' that individuals are co-conspirators is insufficient to establish personal jurisdiction under a conspiracy theory. Instead, the plaintiff must plead with particularity `the conspiracy as well as the overt acts within the forum taken in furtherance of the conspiracy.' Dooley v. United Technologies Corp., 786 F.Supp. 65, 78 (D.D.C. 1992)."' Ex parte McInnis, 820 So.2d 795, 806-07
(Ala. 2001) (quoting Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan, 115 F.3d 1020, 1031
(D.C. Cir. 1997) (some citations omitted))."
First, the Tillises have not alleged conspiracy-based jurisdiction as did the plaintiffs in Reindel. This Court has made it clear that such allegations of a conspiracy must be more than "bald speculation" and a "conclusory statement." Although the Tillises alleged that the defendants were agents of one another and "perpetrated and/or conspired with and/or aided and abetted the unlawful, improper, and fraudulent acts described" in the complaint, the Tillises have not "`plead[ed] with particularity "the conspiracy as well as the overt acts within the forum taken in furtherance of the conspiracy."'" Barton, 976 So.2d at 445.
Second, this Court's statements in Puccio andReindel regarding the defendant's duty to rebut the allegations of the plaintiffs complaint relate to the jurisdictional allegations of the plaintiffs complaint. NeitherPuccio nor Reindel require defendants to present evidence rebutting the nonjurisdictional allegations of a complaint, as the Tillises suggest. *Page 103 
This Court has explained the appropriate analysis and the parties' respective burdens on a personal-jurisdiction issue as follows. "The plaintiff has the burden of proving that the trial court has personal jurisdiction over the defendant. Exparte Covington Pike Dodge, Inc., 904 So.2d 226
(Ala. 2004)." J.C. Duke Assocs. Gen. Contractors, Inc.v. West, 991 So.2d 194, 196 (Ala. 2008).
 "`"In considering a Rule 12(b)(2), Ala. R. Civ. P., motion to dismiss for want of personal jurisdiction, a court must consider as true the allegations of the plaintiffs complaint not controverted by the defendant's affidavits, Robinson v. Giarmarco Bill, P.C., 74 F.3d 253 (11th Cir. 1996), and Cable/Home Communication Corp. v. Network Productions, Inc., 902 F.2d 829 (11th Cir. 1990), and `where the plaintiffs complaint and the defendant's affidavits conflict, the . . . court must construe all reasonable inferences in favor of the plaintiff.' Robinson, 74 F.3d at 255 (quoting Madara, v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990))."'
 "Wenger Tree Serv. v. Royal Truck Equip., Inc., 853 So.2d 888, 894 (Ala. 2002) (quoting Ex parte McInnis, 820 So.2d 795, 798
(Ala. 2001)). However, if the, defendant makes a prima facie evidentiary showing that the, Court has no personal jurisdiction, `the plaintiff is then required, to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof and he may not merely reiterate the factual allegations in the complaint' Mercantile Capital, LP v. Federal Transtel, Inc., 193 F.Supp.2d 1243, 1247 (N.D.Ala. 2002) (citing Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000)). See also Hansen v. Neumueller GmbH, 163 F.R.D. 471, 474-75
(D.Del. 1995) ('When a defendant files a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2), and supports that motion with affidavits, plaintiff is required to controvert those affidavits with his own affidavits or other competent evidence in order to survive the motion.') (citing Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 63
(3d Cir. 1984))."
Ex parte Covington Pike Dodge, Inc., 904 So.2d 226,229-30 (Ala. 2004) (emphasis added; footnote omitted).
Excelsior argues that it made a prima facie showing that the trial court lacked both general and specific personal jurisdiction over it and that the Tillises did not satisfy their burden of then substantiating the jurisdictional allegations of their complaint. See Covington Pike Dodge, supra. Before turning to the arguments presented by Excelsior in support of its petition, we do something Excelsior has failed to do — analyze the Tillises' complaint for specific allegations that relate to personal jurisdiction over Excelsior.
Paragraph 4 of the complaint alleges that Excelsior is a foreign corporation doing business by agent in Barbour County. Paragraphs 8-9 and 19-20 of the complaint allege the commission of fraudulent acts in Barbour County. Paragraph 16 alleges that "each Defendant was an agent and/or representative of each other Defendant," and that
 "[i]n committing the acts alleged herein, the Defendants acted within the scope of their agency and/or employment and were acting with the consent, permission, authorization and knowledge of all other Defendants, and perpetrated and/or conspired with and/or aided and abetted the unlawful, improper, and fraudulent acts described herein." *Page 104 
The affidavits submitted on behalf of Excelsior by Hill and Dixon expressly deny an agency relationship with the other defendants and, therefore, refute the allegations in paragraphs 4, 8, 9, 16, 19, and 20 of the complaint. The burden therefore shifted to the Tillises to present evidence that would establish an agency relationship. Covington Pike Dodge,904 So.2d at 229-30. This they failed to do. Therefore, the petition for the writ of mandamus filed by Excelsior establishes a clear legal right to the dismissal of the complaint as to it to the extent that personal jurisdiction was alleged in the complaint to have been based upon an agency relationship.
Confining ourselves to the four corners of the complaint, there remains another potential basis for personal jurisdiction over Excelsior to the extent that the complaint sufficiently alleges conspiracy. However, as discussed above, the allegation of conspiracy in the complaint is devoid of the requisite specificity. See Covington Pike Dodge,904 So.2d at 229-30. Consequently, there is nothing in the complaint dealing with conspiracy that the court must consider as true and that therefore places the burden on Excelsior to controvert by affidavit.
Excelsior argues extensively that the evidence presented by the parties does not show any action by Excelsior purposefully directed toward Alabama and that its contacts with Alabama resulted from the unilateral activity of third persons. However, the complaint, other than the allegations of agency, which were refuted without contradiction from the Tillises, does not contain any allegations that Excelsior, independent of an agency relationship, purposefully directed its actions toward Alabama. In the absence of such allegations, we need not analyze the evidence as Excelsior suggests.
Because we have concluded that Excelsior has established a clear legal right to the dismissal of the complaint as to it to the extent that the complaint alleged personal jurisdiction over Excelsior based upon an agency relationship; because the complaint does not alleged personal jurisdiction over Excelsior based on conspiracy with the requisite specificity; and because the complaint does not allege that Excelsior purposefully directed its actions toward Alabama, independent of any agency relationship, Excelsior has shown a clear legal right to relief.
 V. Conclusion
For the reasons previously stated, we grant the petition and direct the trial court to vacate its order denying Excelsior's motion to dismiss and to dismiss the Tillises' claims against Excelsior.
PETITION GRANTED; WRIT ISSUED.
COBB, C.J., and STUART, BOLIN, and MURDOCK, JJ., concur.
[1] Because of our disposition of this petition, it is unnecessary to address the issues presented by the Tillises' attempt to include in the record before this Court the additional evidence they offered at the untranscribed hearing on July 8, 2009. Excelsior's motion to strike this evidence is, therefore, moot.