MURDOCK, Justice
(concurring in the result).
The main opinion begins its analysis by quoting the following argument made by McNeese Title, LLC, and Richard McNeese (hereinafter referred to collectively as “McNeese”) and Peggy S. Owens:
“ ‘[T]he Complaint and Amended Complaint contain no factual allegations whatsoever as to any contacts between the Petitioners and the State of Alabama. Based on this fact alone, Petitioners believe [James E. Atchison’s] claims against them are due to be dismissed for want of personal jurisdiction, regardless of any other evidentiary submissions.’ ”
82 So.3d at 674. The main opinion then states that it agrees with this argument. I do not.
The main opinion embraces the notion that a complaint that fails to allege grounds for personal jurisdiction must be dismissed based merely upon this fact. In so doing, I believe it recognizes a new basis for dismissal of a claim, one that does not fit within either Rule 12(b)(2) . or Rule 12(b)(6), Ala. R. Civ. P.
Rule 12(b)(6) provides that a complaint should be dismissed if it “fail[s] to state a claim” cognizable under Alabama law. That is not what is at issue here. The question of in personam jurisdiction is a question that, instead, is governed by Rule 12(b)(2).
Unlike Rule 12(b)(6), Rule 12(b)(2) does not entitle a defendant to dismissal upon a plaintiffs “failure to state” personal jurisdiction, but only if there is in fact a lack of personal jurisdiction. Accordingly, for a defendant to be entitled to a dismissal there must at least be some evidentiary showing sufficient to satisfy the court that, as a matter of fact, Alabama courts do not *678 have personal jurisdiction over the defendant.
The purpose of this Court’s holding in Ex parte Covington Pike Dodge, Inc., 904 So.2d 226 (Ala.2004), was to explain the circumstances under which the defendant will have been deemed to have made a sufficient evidentiary showing to carry the day. On neither its facts nor its express holding can Covington Pike Dodge be said to address whether a defendant is entitled to the dismissal of a complaint solely because the complaint contains no express allegations as to personal jurisdiction. We are made aware of no case holding as to a state court of general jurisdiction that a rule of procedure comparable to Alabama’s Rule 12(b)(2) provides a basis for the dismissal of a complaint based merely on the failure of the complaint to allege facts regarding personal jurisdiction.
Instead, Covington Pike Dodge addressed the issue of which would prevail as between mere allegations in a complaint, on the one hand, and sworn averments presented in opposition thereto by a defendant, on the other hand. Covington Pike Dodge and its progeny do not address the question of the appropriate outcome when a defendant has made no averments in support of a motion under Rule 12(b)(2) but, instead, merely alleges a lack of personal jurisdiction or, as here, seeks to rely merely on the fact that the complaint contains no allegations in favor of personal jurisdiction. Similarly, this Court’s decision in Ex parte Excelsior Financial, Inc., 42 So.3d 96, 103 (Ala.2010), relied upon by the main opinion, states only that “ ‘[t]he plaintiff has the burden of proving that the trial court has personal jurisdiction over the defendant.’ ” (Quoting J.C. Duke & Assocs. Gen. Contractors, Inc. v. West, 991 So.2d 194, 196 (Ala.2008).) Nothing in Covington Pike Dodge or Excelsior states that “[t]he plaintiff has the burden of pleading that the trial court has personal jurisdiction over the defendant.” I believe today’s opinion incorrectly reads such an additional requirement into Excelsior, Covington Pike Dodge, and Rule 12(b)(2).
Quoting Covington Pike Dodge, 904 So.2d at 229 (quoting in turn Wenger Tree Service v. Royal Truck & Equip., Inc., 853 So.2d 888, 894 (Ala.2002)), the Court in Excelsior explained that, “ ‘[i]n considering a Rule 12(b)(2), Ala. R. Civ. P., motion to dismiss for want of personal jurisdiction, a court must consider as true the allegations of the plaintiffs complaint not controverted by the defendant’s affidavits’ ” and that, “ ‘where the plaintiffs complaint and the defendant’s affidavits conflict, the ... court must construe all reasonable inferences in favor of the plaintiff.’ ” Excelsior, 42 So.3d at 103 (emphasis and internal quotation marks omitted). Although Excelsior and Wenger Tree Service correctly observe that “a court must consider as true the allegations of the plaintiffs complaint not controverted by the defendant’s affidavits,” nothing in either of those cases holds that there must be allegations in the plaintiffs complaint regarding the basis for personal jurisdiction over the defendants. The point of both cases — indeed, all the related cases cited in Excelsior — is that when a complaint does contain allegations setting forth potential bases for the exercise of personal jurisdiction, a defendant can prevail on a Rule 12(b)(2) motion only if it controverts those allegations with evidence. Excelsior then goes on to explain that it is when sufficient allegations of grounds for personal jurisdiction are not “left standing” in the complaint after a comparison is made with the defendant’s evidentiary submissions that the plaintiff must meet the evidentiary submissions of the defendant with evidence of its own in order to avoid a dismissal of the complaint. “ ‘[I]f the defendant makes a prima facie evidentiary showing that the Court has no *679 personal jurisdiction, “the plaintiff is then required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and he may not merely reiterate the factual allegations in the complaint.” ’ ” Excelsior, 42 So.3d at 103 (quoting Covington Pike Dodge, 904 So.2d at 229, quoting in turn Mercantile Capital, LP v. Federal Transtel, Inc., 193 F.Supp.2d 1243, 1247 (N.D.Ala.2002)) (emphasis omitted; emphasis added). Nothing in Excelsior (or for that matter Cov-ington Pike Dodge or related cases) states that when a defendant does not put on a prima facie evidentiary showing of lack of personal jurisdiction, the plaintiff nonetheless labors under a pleading requirement as to personal jurisdiction that, if not satisfied, necessitates the dismissal of the plaintiffs complaint upon the defendant’s mere request.[3]
I note that later in the Excelsior opinion the Court states that it is “do[ing] something Excelsior has failed to do — analyzing] the [plaintiffs’] complaint for specific allegations that relate to personal jurisdiction over Excelsior.” 42 So.3d at 103. The Court undertook this analysis in Excelsior, however, not because every complaint must contain allegations of personal jurisdiction, but because in Excelsior itself the defendant did make a prima fa-cie evidentiary showing and, under the principles laid out in Covington Pike Dodge, it became necessary for this Court to determine if there were allegations in the complaint “left standing” in the face of that evidentiary showing that would provide a sufficient basis for personal jurisdiction.
The main opinion contains the following statement:
“[W]hen the complaint fails to allege any jurisdictional basis, ‘there is nothing in the complaint ... that the court must consider as true and that therefore places [any] burden on [the defendant] to controvert by affidavit.’ Excelsior, 42 So.3d at 104 (defendant need not present evidence of absence of jurisdiction when the complaint contains no jurisdictional averments).”
82 So.3d at 674. I believe that when the entirety of the quoted sentence from Excelsior is considered in context, its meaning is not the meaning suggested by the main opinion. The full statement in Excelsior, without any omission, reads as follows: “Consequently, there is nothing in the complaint dealing with conspiracy that the court must consider as true and that therefore places the burden on Excelsior to controvert by affidavit.” 42 So.3d at 104 (emphasis added). In other words, the Court in Excelsior was not saying in some general sense that “there is nothing in the complaint” in the way of jurisdictional allegations and that, therefore, the defendant has no burden of putting on any evidence in order to “join the issue” of the trial court’s personal jurisdiction over it. Instead, the statement is one in which the Excelsior Court is specifically explaining that there are no allegations in the complaint “dealing with conspiracy” and that, therefore, it was not necessary for the success of the defendant’s evidentiary *680 showing that it specifically address that potential ground.
It also is important to note the narrow focus of the Court’s statement. The statement is made in the context of the Court’s having first determined that the defendant had joined the issue of in personam jurisdiction by submitting an affidavit sufficient to constitute a “prima facie evidentiary showing” that there were not sufficient contacts between the defendant and the State of Alabama to confer jurisdiction. Bearing in mind the principle, as stated earlier, that, even when a defendant has made an prima facie evidentiary showing, “a court must consider as true the allegations of plaintiffs complaint not controverted by the defendant’s affidavits,” 42 So.3d at 103, the Excelsior Court simply was engaged in the process of determining whether there were, in that case, allegations in the complaint that would support in personam jurisdiction and that were “not controverted by the defendant’s affidavits.” 42 So.3d at 101. The Court first looked at the fact that the complaint contained allegations of fraudulent conduct in Alabama committed by Excelsior through an agency relationship with other defendants. The Court observed, however, that the affidavits submitted on behalf of Excelsior did in fact “expressly deny an agency relationship with the other defendants and therefore refute the allegations” of agency in the complaint. 42 So.3d at 103-04. On that basis, the Court reasoned that “the petition for the writ of mandamus filed by Excelsior establishes a clear legal right to the dismissal of the complaint as to it to the extent that personal jurisdiction was alleged in the complaint to have been based upon an agency relationship.” 42 So.3d at 104 (emphasis added).
The Court then expressly considered whether, in light of the prima facie evi-dentiary showing otherwise contained in Excelsior’s affidavits, there was any other sufficient basis for personal jurisdiction alleged in the complaint that was not defeated by evidentiary submissions of the defendant. The Court noted one other potential basis suggested by the complaint in this regard, namely, the allegation in the complaint of a conspiracy. The Court, however, found that the allegation of conspiracy was “devoid of the requisite specificity.” 42 So.3d at 104. It was for this reason that the Court found it unnecessary to go further and specifically consider whether the evidentiary averments in Excelsior’s affidavits would have been sufficient to counter the allegations of conspiracy:
“[T]he allegation of conspiracy in the complaint is devoid of the requisite specificity. ... Consequently, there is nothing in the complaint dealing with conspiracy that the court must consider as true and that therefore places the burden on Excelsior to controvert by affidavit.”
42 So.3d at 104 (emphasis added). To emphasize, the Court merely was explaining that there was nothing in the complaint “dealing with conspiracy” that Excelsior was obligated “to controvert by affidavit” in order to prevail on its motion, having already made a general prima facie eviden-tiary showing of lack of jurisdiction over it.
In the next paragraph of its opinion, the Excelsior Court simply restates and summarizes what it has theretofore explained in more detail:
“Excelsior argues extensively that the evidence presented by the parties does not show any action by Excelsior purposefully directed toward Alabama and that its contacts with Alabama resulted from the unilateral activity of third persons. However, the complaint, other than the allegations of agency, which were refuted without contradiction from *681 the Tillises, does not contain any allegations that Excelsior, independent of an agency relationship, purposefully directed its actions toward Alabama. In the absence of such allegations, we need not analyze the evidence as Excelsior suggests.”
42 So.3d at 104 (emphasis added). Read in context with the analysis that preceded it, the emphasized sentence — part of a restatement and summary of that analysis— simply means that, in the absence of sufficient allegations regarding the conspiracy, we need not have analyzed the evidence presented by Excelsior to determine if it specifically rebutted conspiracy as a potential basis for personal jurisdiction.
Thus, I disagree with the holdings in the main opinion that a defendant is entitled to the dismissal of a complaint against it based merely upon a motion asserting the absence of sufficient jurisdictional allegations in the complaint and that, in order to obtain such a dismissal, a defendant has no burden of initially coming forward with an evidentiary showing of a lack of personal jurisdiction. Notwithstanding the disagreement with these holdings, I can agree with the result reached in this particular case because it is not one in which these particular holdings are necessary to the result. Specifically, this is not a case in which the defendant has failed to make a prima facie evidentiary showing of lack of personal jurisdiction over it.
In point of fact, the complaint and amended complaint in this case actually do contain “generic allegations that the Petitioners are subject to personal jurisdiction in Alabama.”[4] In order to counter this general allegation that the petitioners are subject to personal jurisdiction in Alabama, the defendants, McNeese and Owens, submitted an affidavit from Richard McNeese averring that “McNeese Title is not licensed to do business in Alabama and has never done business in Alabama,” “does not have offices in Alabama, and has never actively pursued business in Alabama or otherwise advertised in Alabama,” “owns no real property in Alabama,” does not hold bank accounts in Alabama, and does not employ Alabama citizens. The affidavit continues by explaining that “McNeese Title provides closing, title, and escrow services for transactions involving real property in Florida” and that “McNeese Title has never served as title agent, closing agent, and/or escrow agent for real property located in any state other than Florida.” Finally, Richard McNeese’s affidavit states that his “only contacts with Alabama are rare communications made on behalf of McNeese Title and/or McNeese law firm, or when I travel through Alabama on trips.” An affidavit from Owens to similar effect also was submitted. Clearly, these affidavits are of sufficient substance and breadth to provide a prima facie evidentiary showing of a lack of personal jurisdiction by Alabama courts over McNeese and Owens.
The question in this case, as it was in Excelsior, then becomes whether the plaintiff, Atchison, put on contrary evidence. As in Excelsior, he did not. It therefore falls to this Court, as it did to the Court in Excelsior, to consider whether there are allegations in the complaint (1) that have not specifically been rebutted by the evidentiary submission of the defendants and, therefore, are “left standing” and (2) that are of a nature sufficient to *682 provide a basis for the exercise of personal jurisdiction over the defendants. As in Excelsior, there are not. Specifically, just as in Excelsior, there are allegations touching upon conspiracy that are not controverted by the defendants’ evidentiary submission. Just as in Excelsior, however, those allegations lack the specificity required by law and therefore are not sufficient to provide a basis for the exercise of personal jurisdiction over the defendants. Accordingly, I agree with the result reached by the main opinion.

. As the defendants, McNeese and Owens, themselves put it in their petition in this case, "once the defendant makes a prima facie showing that the Court lacks personal jurisdiction, the plaintiff must then substantiate any jurisdictional allegations with competent proof.” Petition, at 8, citing Ex parte Citizens Prop. Ins. Corp., 15 So.3d 511, 515 (Ala.2009) (emphasis added). The petition goes on to say that, "because Petitioners have presented a pri-ma facie evidentiary showing that they are not subject to personal jurisdiction in Alabama, the burden shifts back to the Plaintiff to establish personal jurisdiction by competent proof.” Petition, at 10 (emphasis added).

. Although somewhat general in nature, the allegations in this regard in the complaint are indeed "factual allegations.” I therefore cannot agree with the assertion by McNeese and Owens as quoted in the main opinion that " ‘the Complaint and Amended Complaint contain no factual allegations whatsoever as to any contacts between the Petitioners and the State of Alabama.' ” 82 So.3d at 674 (emphasis added).