WOODALL, Justice.
First Western Bank (“First Western”) petitions this Court for a writ of mandamus directing the Greene Circuit Court to vacate its order denying First Western’s motions to dismiss the complaint against it filed by Mary Louise Pelt on the basis that the trial court lacked in personam jurisdiction and to enter an order dismissing it from the action. We grant the petition.
On April 15, 2002,. Pelt filed a class-action complaint against First Western, BankCard USA Merchant Services, Inc. (“BankCard”), and fictitiously named parties, alleging that “the defendants and/or their agent(s) violated [the Telephone Consumer Protection Act,] 47 U.S.C. § 227 [‘the Act’].” It also contained the following pertinent allegations:
“7. Pelt has telephone service.... Pelt receives facsimiles by telephone facsimile machine at this number.
“8. On March 25, 2002, Pelt received a facsimile advertising credit card processing services offered by BankCard and First Western.
“9. Pelt did not solicit the facsimile advertisement.
[[Image here]]
“11. The [Act] provides that ‘[i]t shall be unlawful for any person within the United States ... to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine.’ 47 U.S.C. § 227(b)(1)(C).
[[Image here]]
“15. The defendants violated 47 U.S.C. § 227 when they and/or their agents sent Pelt the facsimile advertisement ... without first obtaining Pelt’s express permission or invitation.
“16. The defendants had a high degree of involvement or actual notice that the transmission of the facsimile advertisement was illegal and failed to take steps to prevent the transmission.
“17. The defendants and/or their agent(s) violated U.S.C. § 227 willfully and knowingly.”
(Emphasis added.)[1] The complaint sought an “adjudication] that the defendants and/or their agent(s) violated the [Act]” and damages as a consequence of that violation. On October 4, 2002, Pelt filed a “first amended complaint,” which added Fax.com, Inc., as a defendant but otherwise merely restated the allegations of the original complaint.[2]
*703 On August 26, 2002, First Western moved to dismiss the complaint for lack of personal jurisdiction. Accompanying the motion was an affidavit of First Western’s president and chief executive officer, Richard A. Palmer. Palmer’s affidavit stated that BankCard was “an Independent Sales Organization (‘ISO’) ... providing] merchant credit card transaction processing nationwide,” and that First Western was a “sponsoring institution for BankCard,” pursuant to a “retail independent service organization processing agreement” between BankCard and First Western, dated August 24, 2001 (“the agreement”). Palmer described the relationship more fully, as follows:
“To be a provider of merchant services, one must be a member of MasterCard and Visa. An ISO cannot directly be a member, so an ISO must seek sponsorship by an authorized financial institution. BankCard and First Western entered into a contract by which First Western was the sponsoring institution for BankCard from November 19, 2001, to May 24, 2002.
“16. One must meet certain First Western credit criteria in order to qualify as a merchant. First Western notified BankCard as to the criteria and the information needed to determine whether a merchant met the criteria. BankCard collected the necessary information from the merchants and initially assessed whether a merchant met the bank’s criteria. BankCard then forwarded the information to First Western, who would ensure that the criteria were met. If First Western needed any additional information to determine whether the criteria were met, First Western communicated its needs to BankCard. BankCard would then obtain the information from the applicable merchant and forward that information to First Western.
“17. Each day, payment accepted via credit card at a merchant location must be. routed to the bank that issued the credit card. BankCard has a contractual relationship with First Data Resources (‘FDR’), which required FDR to route the debit from the' merchant to MasterCard or Visa, and then to the card issuing bank to post to the customer’s credit card. MasterCard and Visa then settle the debit by forwarding payment to FDR. FDR forwarded the settlement payment to a BankCard account at First Western. From that account, First Western released payment to the appropriate merchant’s bank.”
First Western also denied that it authorized or sent the facsimile advertisement and submitted a copy of the agreement with its motion to dismiss.
More than a year later, according to First Western’s unrefuted chronology, the trial court conducted a hearing on the motion to dismiss. On the morning of the hearing, Pelt filed a motion in “opposition to the motion to dismiss.” In that motion, Pelt conceded that BankCard and not First Western had sent the advertisement, but argued (1) that it did so in the “line and scope of its employment” by First Western as a “soliciting agent”; (2) that the court had specific jurisdiction over BankCard; and, consequently, (3) that the court had specific jurisdiction over First Western, based on the doctrine of respon-deat superior. As support for the argument that BankCard was First Western’s agent, Pelt relied solely on provisions of the agreement.
The trial court allowed First Western 10 days to respond to Pelt’s motion. On November 13, 2003, within the time period allowed by the trial court, First Western filed a “reply brief in support of its motion to dismiss for lack of personal jurisdiction” *704 and a second affidavit of Richard Palmer. In that second affidavit Palmer specifically-addressed the agency theory raised in Pelt’s motion, stating that “First Western did not provide any day-to-day supervision of BankCard”; that First Western “was not responsible for determining and did not determine how BankCard complied with its day-to-day responsibilities under [the agreement]”; and that First Western “did not have the right to control and did not control the methods or means by which BankCard performed its day-to-day operations.”
Pelt moved to strike Palmer’s second affidavit, arguing that it was untimely, because it had not been filed with First Western’s motion to dismiss, as required, she argued, by Ala. R. Civ. P. 6(d), and because it was not accompanied by a motion for enlargement of time to file, pursuant to Ala. R. Civ. P. 6(b). On February 2, 2004, First Western filed a response to Pelt’s motion to strike Palmer’s second affidavit. In that response, First Western “renew[ed] its jurisdictional motion,” that is, it moved “the court to dismiss First Western from [the] action for lack of personal jurisdiction based on the arguments raised” in its original motion and in its reply brief, and on the statements made by Palmer in his affidavits. In that motion, First Western also moved, “pursuant to Rule 6(b), to permit the filing and consideration of the second Palmer affidavit.”
On April 1, 2004, the trial court, without referring to Pelt’s motion to strike, denied First Western’s motions to dismiss. “Because there is no indication in the record that the court excluded [Palmer’s second affidavit], we must assume that the trial court considered [it] when it ruled on [the] motion[s] [to dismiss].” Hannah v. Gregg, Bland & Berry, Inc., 840 So.2d 839, 850 (Ala.2002); see Travis v. Ziter, 681 So.2d 1348, 1351 (Ala.1996). On May 11, 2004, First Western filed this petition, urging this Court to issue a writ of mandamus directing the trial court to vacate its order denying First Western’s motions and to enter an order dismissing it from this action for lack of personal jurisdiction.
Preliminarily, we note that “a petition for a writ of mandamus is the proper device by which to challenge the denial of a motion to dismiss for lack of in person-am jurisdiction.” Ex parte Dill, Dill, Carr, Stonbraker & Hutchings, P.C., 866 So.2d 519, 525 (Ala.2003). A petitioner may be entitled to a writ of mandamus in such a case upon a showing of a clear legal right to an order dismissing the action against it. See Ex parte Fontaine Trailer Co., 854 So.2d 71, 76 (Ala.2003); Ex parte State ex rel. C.M., 828 So.2d 291, 293 (Ala.2002).
'‘Depending on the quality and quantity of the contacts [the defendant has with Alabama], jurisdiction may be either general or specific.” Ex parte Dill, 866 So.2d at 525. “ ‘A court has specific jurisdiction when a defendant has had few contacts with the forum state, but those contacts gave rise to the lawsuit.’ ” Id. (quoting Leventhal v. Harrelson, 723 So.2d 566, 569 (Ala.1998) (emphasis added)).
It is undisputed that First Western is not subject to the general jurisdiction of the courts of Alabama. It is further undisputed that BankCard sent the facsimile to Pelt. However, Pelt argues that BankCard sent the facsimile as the agent of First Western, thereby subjecting First Western to specific jurisdiction under the doctrine of respondeat superior. In other words, the purported exercise of jurisdiction over First Western rests solely on the theory that BankCard acted as the agent of First Western in sending the facsimile.
*705 In that connection, Pelt contends that Palmer’s first affidavit failed to controvert her averments of agency, and, therefore, that First Western is not entitled to a dismissal of the action as to it. This is so, because, she argues, Palmer’s second affidavit, which expressly addressed the agency theory, was untimely and cannot be considered.
First Western contends, however, that Pelt failed — as a threshold matter — even to allege, either in her original complaint or in her first amended complaint, that BankCard was the agent of First Western. The “vague and eonclusory” references to “agents” in the pleadings are simply insufficient, it argues, to “permit the trial court to find personal jurisdiction over First Western based on the possible conduct of BankCard.” First Western’s reply brief, at 4. We agree.
Where the plaintiffs pleadings do not expressly allege an agency relationship as the basis for personal jurisdiction over a foreign defendant, the courts of Alabama “cannot impute” to that defendant the actions of another defendant “for the purpose of supporting personal jurisdiction.” Ex parte McInnis, 820 So.2d 795, 807 (Ala.2001). Cf. Ex parte Troncalli Chrysler Plymouth Dodge, Inc., 876 So.2d 459, 468 (Ala.2003) (factual averments that do not support at least a “colorable claim of jurisdiction” do not entitle a plaintiff to “jurisdictional discovery” in opposition to a motion to dismiss). Thus, absent a waiver of any objections to in personam jurisdiction, a complaint lacking express averments of agency will not support the exercise of jurisdiction over an out-of-state defendant for the acts of a purported agent.
Pelt’s first amended complaint mentions agency only in averring that First Western and BankCard “violated [the Act] when they and/or their agents sent Pelt the facsimile advertisement.” (Emphasis added.) This vague allegation cannot reasonably be construed as a claim that BankCard was acting as First Western’s agent. Indeed, this averment supports just as easily the proposition that First Western was BankCard’s agent, or that neither was the agent of the other, in sending the facsimile. It was precisely this vagueness that necessitated the 10-day response time granted First Western at the hearing on its motion to dismiss. First Western was understandably taken by surprise when the agency issue surfaced for the first time on the day of the hearing.
In short, the absence of express aver-ments of agency in Pelt’s complaint precludes the exercise of personal jurisdiction over First Western.[3] Consequently, First Western has demonstrated a clear legal right to a writ of mandamus directing the trial court to vacate its order denying First Western’s motions to dismiss and to enter an order dismissing First Western from the action for lack of personal jurisdiction.
PETITION GRANTED; WRIT ISSUED.
NABERS, C.J., and HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, and STUART, JJ., concur.

. The facsimile advertisement was a one-page document that stated, in pertinent part: “BankCard USA Merchant Services, Inc., is a registered service provider for First Western Bank, Simi Valley, CA, FDIC insured. American Express and Discover Cards require separate approval. Copyright 2002 BankCard USA Merchant Services, Inc.”

. This petition involves no issues regarding Fax.com, Inc.

. Because we hold as we do, it is unnecessary to address the remaining procedural and substantive issues presented by the parties on appeal.