WOODALL, Justice.
Northstar Battery Company, LLC (“Northstar”), petitions this Court for a writ of mandamus directing the Cullman Circuit Court to vacate its order denying Northstar’s motion to dismiss the action filed against it by Apel Steel Corporation (“Apel”) and to enter an order dismissing the action for lack of in personam jurisdiction. We grant the petition and issue the writ.

I. Factual and Procedural Background

Apel’s claims against Northstar are asserted in Apel’s first amended complaint, which named as defendants not only Northstar, a limited liability company whose principal place of business is located in Springfield, Missouri, but also (1) JS Nationwide Erectors, Inc. (“JS Nationwide”), alleged to be a “corporation located in Cullman County, Alabama,” and (2) Walton Construction Company, LLC, alleged to be “a corporation headquartered in Kansas City, Missouri.” The first amended complaint contains in toto the following factual averments:
“In early 2009, Apel Steel was working as a subcontractor for steel fabrication and erection on a project at a battery manufacturing plant under construction in Springfield, Missouri. Defendant Northstar Battery, the owner of the plant being built, had contracted with Defendant Walton Construction to serve as general contractor for this project, and Apel Steel was a subcontractor to Walton Construction. Apel Steel had further subcontracted a portion of its work to Defendant JS Nationwide, whose role in the project was the erection of structural steel at the plant, including a mezzanine. On February 4, 2009, during the welding of steel on the mezzanine by a JS Nationwide employee, sparks from the welding started a fire resulting in the destruction of property/equipment and also causing heat and smoke damage in the affected area of the plant.
‘Walton Construction learned of the fire on the day that it occurred, February 4, 2009, and immediately began a full-scale investigation. Apel Steel first learned of the fire from Walton Construction. Pursuant to the contract between Apel Steel and Walton Construction, any losses and/or damages caused by any fire were to be covered by the property insurance provided under the Prime Contract between Walton Construction and the owner of the project, Northstar Battery. Instead of submitting a claim on the owner’s property insurance policy, Walton Construction instead insisted that Apel Steel pay all damages allegedly caused by its subcontractor, JS Nationwide. In fact, a representative of Walton Construction told Hank Apel of Apel Steel that, ‘Northstar Battery is a big customer, and we don’t want to upset them by filing a claim.’ Walton Construction informed Apel Steel that it would subtract any and all costs related to the fire and any and all costs related to any delays to the project caused by the fire from money due to Apel Steel under its contract with Walton Construction. Because of the pressure from Walton *1206 Construction and the possibility of substantial backcharges, Apel Steel (for the time being) agreed to absorb the costs associated with the fire. Apel Steel then asked JS Nationwide to submit a claim to its insurance carrier for payment. However, JS Nationwide’s insurer refused to pay the claim, and Apel Steel was forced to file this lawsuit against JS Nationwide seeking to recover from JS Nationwide the money that was withheld by Walton Construction from Apel Steel. JS Nationwide has filed a motion for summary judgment (currently pending before this Court) claiming that Apel Steel waived any claim against any subcontractor for damages caused by a fire on the North-star Battery plant project. The waiver was allegedly made when Apel Steel entered into its contract with Walton Construction for the Northstar Battery project pursuant to a provision in the contract between Walton Construction and Apel Steel. The subcontract between Apel Steel and JS Nationwide incorporated the provisions of Apel Steel’s contract with Walton.
“The contract between Apel Steel and Walton contained a provision by which Apel Steel allegedly waived all rights against JS Nationwide, as its subcontractor, ‘for damages caused by fire or other causes of loss to the extent covered by property insurance provided under the Prime Contract or other property insurance applicable to the Work.’ The Prime Contract was the contract between Northstar Battery and Walton Construction. Northstar Battery and Walton Construction never submitted a claim for the February 4, 2009 fire to the insurer that was supposed to cover any claims for any property damage at the Northstar Battery project. As discussed above, Walton instead forced Apel Steel to pay all costs associated with the fire. “It is clear from the facts of this case that JS Nationwide Erectors, Northstar Battery and/or Walton Construction are responsible to pay all damages and costs related to the fire that took place on February 4, 2009 at the Northstar Battery project. It is also clear that the one party who should not bear the costs and damages from that fire is Apel Steel, the very party who, to date, has absorbed all of those costs.”
(Emphasis omitted.)
The counts in the first amended complaint against Northstar alleged (1) negligence, (2) unjust enrichment, (8) breach of contract, (4) suppression and misrepresentation, and (5) conspiracy. The first amended complaint asserted that venue for the action was proper in Cullman County, because, it stated, “a substantial part of the events and omissions giving rise to [Apel’s] claims occurred in Cullman County.”
Northstar moved to dismiss the claims against it for lack of in personam jurisdiction. It specifically challenged the contention that events or omissions giving rise to the claims against it occurred in Cullman County. Attached to its motion was the affidavit of Tim Caldwell, an employee of Northstar. The affidavit stated that Northstar (1) was “not a party to any contract with [Apel]”; (2) had never “qualified to do business in Alabama”; (3) has no offices or employees in Alabama; and (4) has no property interests in Alabama. The trial court denied Northstar’s motion, and Northstar filed this petition.

II. Discussion

“‘[A] petition for a writ of mandamus is the proper device by which to challenge the denial of a motion to dismiss for lack of in personam jurisdiction.’ Ex parte Dill, Dill, Carr, Stonbralcer & Hutchings, P.C., 866 So.2d *1207 519, 525 (Ala.2003). ‘A petitioner may be entitled to a -writ of mandamus in such a case upon a showing of a clear legal right to an order dismissing the action against it.’ Ex parte First Western Bank, 898 So.2d 701, 704 (Ala.2004)....
[[Image here]]
“ ‘This Court has explained the appropriate analysis and the parties’ respective burdens on a personal-jurisdiction issue as follows. “The plaintiff has the burden of proving that the trial court has personal jurisdiction over the defendant. Ex parte Covington Pike Dodge, Inc., 904 So.2d 226 (Ala.2004).” J.C. Duke & Assocs. Gen. Contractors, Inc. v. West, 991 So.2d 194, 196 (Ala.2008).
“ ““ “In considering a Rule 12(b)(2), Ala. R. Civ. P., motion to dismiss for want of personal jurisdiction, a court must consider as true the allegations of the plaintiffs complaint not controverted by the defendant’s affidavits, Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253 (11th Cir.1996), and Cable/Home Communication Corp. v. Network Productions, Inc., 902 F.2d 829 (11th Cir.1990)....’”
[[Image here]]
[[Image here]]
“However, when the complaint fails to allege any jurisdictional basis, ‘there is nothing in the complaint ... that the court must consider as true and that therefore places [any] burden on [the defendant] to controvert by affidavit.’ [Ex parte Excelsior Fin., Inc., 42 So.3d 96, 103-04 (Ala.2010) ] (defendant need not present evidence of absence of jurisdiction when the complaint contains no jurisdictional averments).”
Ex parte McNeese Title, LLC, 82 So.3d 670, 673-74 (Ala.2011) (quoting Ex parte Excelsior Fin., Inc., 42 So.3d 96, 103 (Ala.2010) (emphasis deleted; emphasis added)). In other words, the failure of the complaint specifically to identify any factual basis for the assertion of personal jurisdiction relieves the objecting defendant of the burden of producing evidence negating jurisdiction. Ex parte McNeese, 82 So.3d at 674.
According to Northstar, Apel’s first amended complaint contains no jurisdictional averments. Petition, at 7. To counter that contention, Apel offers only its statement that venue is proper in Cullman County as a sufficient jurisdictional averment. We disagree with Apel.
The factual averments in the first amended complaint are utterly devoid of any acts allegedly performed in, or directed at, Alabama that could be construed as attributable to Northstar for jurisdictional purposes. The venue statement in the complaint is not such a factual averment, but rather a generic conclusion. The statement that “a substantial part of the events and omissions giving rise to [Apel’s] claims occurred in Cullman County” is not specifically attributable to Northstar. This is particularly noteworthy in light of the fact that the first amended complaint names three defendants — one of which (JS Nationwide) is alleged to be “located in Cullman County.” Because the first amended complaint thus contains no factual averments upon which jurisdiction over Northstar could be based, the burden never shifted to Northstar to present evidence of the absence of jurisdiction. Ex parte McNeese, 82 So.3d at 674.[1] Consequently, *1208 we need not analyze the evidence North-star did present in its challenge to the trial court’s exercise of jurisdiction over it. Ex parte McNeese, 82 So.3d at 677.

III. Conclusion

Apel failed to carry its jurisdictional burden. The trial court clearly erred, therefore, in denying Northstar’s motion to dismiss. We grant the petition and direct the trial court to dismiss the claims against Northstar.
PETITION GRANTED; WRIT ISSUED.
MALONE, C.J., and STUART, BOLIN, PARKER, SHAW, MAIN, and WISE, JJ„ concur.
MURDOCK, J., concurs in the result.

. This same pleading default precludes an order — which Apel seeks from this Court in the alternative — allowing it to engage in jurisdictional discovery. See Ex parte Troncalli Chrysler Plymouth Dodge, Inc., 876 So.2d 459, 468 (Ala.2003) (a plaintiff is not entitled to *1208 jurisdictional discovery where the complaint does not " ‘allege facts that would support a colorable claim of jurisdiction’ ” (quoting Schenck v. Walt Disney Co., 742 F.Supp. 838, 840 n. 1 (S.D.N.Y.1990))).