MURDOCK, Justice
(concurring in the result).
I wrote specially in Ex parte McNeese Title, LLC, 82 So.3d 670 (Ala.2011), to explain my understanding that neither Rule 12(b)(2), Ala. R. Civ. P., nor any other rule contemplates a pleading requirement as to personal jurisdiction. That is, there is no rule of procedure that requires a plaintiff to affirmatively allege personal jurisdiction in a complaint filed in an Alabama state trial court of general jurisdiction, i.e., a circuit court. Id. at 677-82 (Murdock, J., concurring in the result).
Instead, it has always been and continues to be my understanding that, in order to join the issue of personal jurisdiction, the defendant has the initial burden of coming forward with a prima facie eviden-tiary showing that there are not sufficient contacts between the defendant and the State of Alabama to confer jurisdiction. Once that has occurred, the burden then shifts to the plaintiff, who bears the ultimate burden of demonstrating personal jurisdiction. The plaintiff can meet this burden with either one or a combination of the following: (a) evidence deemed persuasive by the trial court with respect to the factual issues as to which the defendant has presented evidence, or (b) allegations of fact actually made in the complaint but left unaddressed by the defendant’s evi-dentiary submission. Id. at 678-79 (Mur-dock, J., concurring in the result) (discussing Ex parte Covington Pike Dodge, Inc., 904 So.2d 226 (Ala.2004)). As I explain my writing concurring in the result in Ex parte McNeese, I believe the different scheme adopted in that case and reiterated in the present case has the effect of converting Rule 12(b)(2) from a rule requiring dismissal in the event of an actual lack of personal jurisdiction, determined as a factual matter by the trial court, into a rule more like Rule 12(b)(6) that measures the sufficiency of allegations in the complaint, i.e., a rule allowing for dismissal where the complaint “fails to state a claim” of in personam jurisdiction. 82 So.3d at 677-78.
Nonetheless, in Ex parte McNeese I concurred in the result (issuing the writ and ordering the trial court to dismiss the claims) because the defendants-movants in that case did in fact submit evidentiary affidavits sufficient “to provide a prima facie evidentiary showing of a lack of personal jurisdiction by Alabama courts over [them].” 82 So.3d at 681 (Murdock, J., concurring in the result). The question in that case therefore became whether the plaintiff had put on contrary evidence that rebutted the evidentiary submission of the defendants or, failing that, whether there *1209 were allegations in the plaintiffs complaint “(1) that have not specifically been rebutted by the evidentiary submission of the defendants and, therefore, [were] ‘left standing” and (2) that [were] of a nature sufficient to provide a basis for the exercise of personal jurisdiction over the defendants.” Id. at 681-82 (Murdock, J., concurring in the result). The answer to both of the latter inquiries was in the negative, and I therefore agreed with the result reached by the main opinion, i.e., that the complaint was due to be dismissed for the failure of the plaintiff to carry his burden of proof as to the issue of personal jurisdiction.
The same is true in the present case. The defendant did in fact make a prima facie evidentiary showing of a lack of personal jurisdiction by Alabama courts over it. An affidavit submitted on its behalf averred that Northstar was a limited liability company existing under the laws of the State of Missouri with its principal place of business in Springfield, Missouri; that Northstar entered into a contract with Walton Construction Company, LLC, “to perform certain work on a project located in Springfield, Missouri”; that Northstar was not a party to any contract with the plaintiff, Apel Steel Corporation; that Northstar had never qualified to do business in Alabama and was not a resident of this State; that Northstar does not have any offices in Alabama nor employ anyone in this State; and that Northstar does not own, manage, or lease any property in Alabama. Although this affidavit cannot be said to have as much “substance and breadth” as the somewhat more thorough affidavits in Ex parte McNeese, it is enough “to provide a prima facie evidentia-ry showing of a lack of personal jurisdiction by Alabama courts” over Northstar. Ex parte McNeese, 82 So.3d at 681 (Mur-dock, J., concurring in the result). Also similar to Ex parte McNeese, the plaintiff here did not overcome this prima facie showing with either contrary evidence or allegations in its complaint, uncountered by evidentiary submissions of the defendant, of facts sufficient to provide a basis for the trial court’s exercise of personal jurisdiction.[2] Just as in Ex parte McNeese, therefore, I agree that the complaint in the present case is due to be dismissed for the failure of the plaintiff to carry its jurisdictional burden.

. Citing this Court's decision in Ex parte DBI, Inc., 23 So.3d 635 (Ala.2009), the plaintiff argues that the affidavit submitted by North-star does not include an averment that North-star does not do business by agent in this State. The plaintiff further argues that North-star does in fact do business by agent in Alabama, stating in its brief that the batteries it manufactures are distributed to and sold in all 50 states. There are two problems with this argument: (1) the plaintiff does not allege in its complaint that Northstar does business by agent in Alabama and therefore there is no allegation to this effect that can be said to be "left standing” by Northstar's affidavit, and (2) Ex parte DBI is concerned with "specific” in personam jurisdiction not "general” in personam jurisdiction. See Ex parte DBI, 23 So.3d at 652-55 (a so-called "stream-of-commerce” case relying upon Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), a "specific” jurisdiction case as discussed at 471 U.S. at 472-73 n. 15 and accompanying text. Even if the complaint in the present case had alleged that Northstar sold batteries by agent in Alabama, its claims in this case do not arise out of such sales as would be necessary to establish “specific” in personam jurisdiction. See also Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 nn. 8-9 and accompanying text (1984) (further explaining the difference between "specific” in personam jurisdiction and "general” in personam jurisdiction).