MOORE, Judge.
Miguel A. Ortiz (“the father”) petitions this court for a writ of mandamus directing the Jefferson Circuit Court (“the trial court”) to vacate its May 14, 2012, order denying the father’s motion to dismiss the action filed by Wendy J. Doming (“the mother”). For the reasons stated below, we grant the petition and issue the writ.

Procedural History

On July 21, 2011, the mother filed in the trial court a petition to “annex” a foreign judgment. She submitted with that petition a certified copy of a December 17, 1998, judgment (“the Florida judgment”), entered by the Eighteenth Judicial Circuit of Seminole County, Florida (“the Florida court”). In the Florida judgment, the Florida court divorced the mother and the father; awarded the mother primary physical custody of the parties’ child, M.B.O., who was born on June 29, 1993; and ordered the father to pay as child support $250 on the 1st and 15th day of each month until certain specified events occurred.
Also on July 21, 2011, the mother filed in the trial court a petition for a rule nisi, seeking to hold the father in contempt for his alleged failure to comply with the child-support provisions of the Florida judgment; the mother also sought to modify the Florida judgment to provide for post-minority educational expenses for the child, to allow the mother to claim the child as a dependent for federal and state income-tax purposes, and to require the father to pay all medical expenses of the child not covered by health insurance.
On August 8, 2011, the father, through legal counsel, filed a motion to dismiss or, alternatively, a limited appearance for the purpose of contesting the jurisdiction of the trial court. The father asserted that the trial court lacked personal jurisdiction over him; that the mother had failed to comply with the requirements for registering a foreign judgment; that, pursuant to the terms of the Florida judgment, the State of Florida had retained jurisdiction over the parties; and that the State of Florida does not recognize an obligation on the part of a divorced parent to provide post-minority educational support.
On September 30, 2011, the mother submitted an amendment to her petition to annex the Florida judgment. She submitted the parties’ “Marital Settlement Agreement” that, she asserted, had been incorporated into the Florida judgment. The mother also asserted that she had fully complied with the statutory requirements for registering the Florida judgment.
The mother and the father submitted affidavits to the trial court in support of their respective positions. After an April 19, 2012, hearing on the father’s motion to dismiss, the trial court denied that motion on May 14, 2012, and scheduled the case for trial. The father timely filed this petition.

Analysis

The father first argues that the trial court lacks subject-matter jurisdiction. “[S]ubject-matter jurisdiction may not be waived; a court’s lack of subject-matter jurisdiction may be raised at any time by any party and may even be raised by a court ex mero motu.” C.J.L. v. *1049 M.W.B., 868 So.2d 451, 458 (Ala.Civ.App.2003).
“ ‘ “A writ of mandamus is an extraordinary remedy, and it ‘will be issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.’ ” ’
“Ex parte Monsanto Co., 862 So.2d 595, 604 (Ala.2003) (quoting Ex parte Butts, 775 So.2d 173, 176 (Ala.2000), quoting in turn Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993)). ‘[T]he question of subject-matter jurisdiction is renewable by a petition for a writ of mandamus.’ Ex parte Johnson, 715 So.2d 783, 785 (Ala.1998). ‘Although this Court reviews a mandamus petition to determine whether the trial court exceeded its discretion, this Court reviews issues of law de novo.’ Ex parte Terry, 957 So.2d 455, 457 (Ala.2006).”
Ex parte Berry, 999 So.2d 883, 885 (Ala.2008).
The father specifically argues that the mother failed to comply with the registration requirements of § 30-3A-602, Ala. Code 1975, a part of the Uniform Interstate Family Support Act (“the UIFSA”), Ala.Code 1975, § 30-3A-101 et seq. Section 30-3A-602 of the UIFSA provides the following method for registering a foreign child-support order in a court of this state:
“(a) A support order or income-withholding order of another state may be registered in this state by sending the following documents and information to the appropriate court in this state:
“(1) a letter of transmittal to the court requesting registration and enforcement;
“(2) two copies, including one certified copy, of all orders to be registered, including any modification of an order;
“(3) a sworn statement by the party seeking registration or a certified statement by the tribunal or collection agency showing the amount of any arrearage;
“(4) the name of the obligor and, if known:
“(i) the obligor’s address and Social Security number;
“(ii) the name and address of the obligor’s employer and any other source of income of the obligor; and
“(iii) a description and the location of property of the obligor in this state not exempt from execution; and
“(5) the name and address of the obligee and, if applicable, the agency or person to whom support payments are to be remitted.
“(b) On receipt of a request for registration, the registering court shall cause the order to be filed as a foreign judgment, together with one copy of the documents and information, regardless of their form.”
The father asserts that, when the mother filed her July 21, 2011, action seeking to register the Florida judgment and to modify that judgment, she failed to strictly comply with the procedure set forth in § 30-3A-602 because, he says, she failed to file the necessary number of copies of the Florida judgment, she failed to file copies of the complete Florida judgment, and she failed to file a sworn statement showing the amount of the alleged arrear-age. We agree that the mother failed to comply with § 30-3A-602 because she failed to file a complete copy of the Florida judgment in her initial filing, see § 30-3A-602(a)(2), and failed to include a sworn *1050 statement showing the amount of the claimed arrearage, see § 30-SA-602(a)(3).[1]
This court has held that a trial court does not obtain subject-matter jurisdiction over a petition to modify a foreign support order if it is not registered properly under the UIFSA. See S.A.T. v. E.D., 972 So.2d 804, 807 (Ala.Civ.App.2007). Only strict compliance with that registration procedure confers subject-matter jurisdiction upon an Alabama circuit court to enforce or to modify a foreign child-support judgment. See Mattes v. Mattes, 60 So.3d 887 (Ala.Civ.App.2010), and Ex parte Owens, 65 So.3d 953 (Ala.Civ.App.2010).
Because the Florida judgment was not registered in strict compliance with the UIFSA, the mother’s petition for a rule nisi and for modification of the Florida judgment did not trigger the subject-matter jurisdiction of the trial court. See S.A.T., 972 So.2d at 807. The mother also could not correct that fatal deficiency in her petition by filing an amendment to that petition. See Ex parte Owens, 65 So.3d 953, 954 (Ala.Civ.App.2010) (because mother had failed to properly register foreign child-support order as required by the UIFSA, her petition for a rule nisi failed to trigger subject-matter jurisdiction of the trial court and her purported amendment to her petition, filed in an attempt to comply with those requirements, was also a nullity; upon the filing of a deficient petition, the trial court had no jurisdiction to do anything but dismiss the action). As a result, the trial court erred in denying the father’s motion to dismiss for lack of subject-matter jurisdiction.
The father also contends that the trial court erred in denying his motion to dismiss the mother’s action for lack of personal jurisdiction, pursuant to Ala.Code 1975, § 30-3A-201.
‘“[A] petition for a writ of mandamus is the proper device by which to challenge the denial of a motion to dismiss for lack of in personam jurisdiction.’ Ex parte Dill, Dill, Carr, Stonbraker & Hutchings, P.C., 866 So.2d 519, 525 (Ala.2003). ‘A petitioner may be entitled to a writ of mandamus in such a case upon a showing of a clear legal right to an order dismissing the action against it.’ Ex parte First Western Bank, 898 So.2d 701, 704 (Ala.2004). ‘ “The burden of establishing a clear legal right to the relief sought rests with the petitioner.” ’ Ex parte Dangerfield, 49 So.3d 675, 680 (Ala.2010) (quoting Ex parte Metropolitan Prop. & Cas. Ins. Co., 974 So.2d 967, 972 (Ala.2007)).”
Ex parte McNeese Title, LLC, 82 So.3d 670, 673 (Ala.2011).
Section 30-3A-201, Ala.Code 1975, provides:
“In a proceeding to establish, enforce, or modify a support order or to determine parentage, a court of this state may exercise personal jurisdiction over a nonresident individual or the individual’s guardian or conservator if:
*1051 “(1) the individual is personally served with summons and complaint within this state;
“(2) the individual submits to the jurisdiction of this state by consent, by entering a general appearance, or by filing a responsive document having the effect of waiving any contest to personal jurisdiction;
“(3) the individual resided with the child in this state;
“(4) the individual resided in this state and provided prenatal expenses or support for the child;
“(5) the child resides in this state as a result of the acts or directives of the individual;
“(6) the individual engaged in sexual intercourse in this state and the child may have been conceived by that act of intercourse;
“(7) the individual asserted parentage in the putative father registry as provided in Section 26-10C-1, which is maintained in this state by the Department of Human Resources; or
“(8) there is any other basis consistent with the constitutions of this state and the United States for the exercise of personal jurisdiction.”
Although the mother does not explicitly identify the subsection of § 30-8A-201 under which she alleges personal jurisdiction exists, it is clear from her arguments that § 30-3A-201(8) is the only provision under which an Alabama court could possibly attain personal jurisdiction over the father. Section 30-3A-201(8) adopts the basis for personal jurisdiction provided in Rule 4.2, Ala. R. Civ. P.
It is well settled that
“[t]he extent of an Alabama court’s personal jurisdiction over a person or corporation is governed by Rule 4.2, Ala. R. Civ. P., Alabama’s ‘long-arm rule,’ bounded by the limits of due process under the federal and state constitutions. Sieber v. Campbell, 810 So.2d 641 (Ala.2001). Rule 4.2(b), as amended in 2004, states:
“‘(b) Basis for Out-of-State Service. An appropriate basis exists for service of process outside of this state upon a person or entity in any action in this state when the person or entity has such contacts with this state that the prosecution of the action against the person or entity in this state is not inconsistent with the constitution of this state or the Constitution of the United States.... ’
“In accordance with the plain language of Rule 4.2, both before and after the 2004 amendment, Alabama’s long-arm rule consistently has been interpreted by this Court to extend the jurisdiction of Alabama courts to the permissible limits of due process. Duke v. Young, 496 So.2d 37 (Ala.1986); DeSotacho, Inc. v. Valnit Indus., Inc., 350 So.2d 447 (Ala.1977). As this Court reiterated in Ex parte McInnis, 820 So.2d 795, 802 (Ala.2001) (quoting Sudduth v. Howard, 646 So.2d 664, 667 (Ala.1994)), and even more recently in Hiller Investments Inc. v. Insultech Group, Inc., 957 So.2d 1111, 1115 (Ala.2006): ‘Rule 4.2, Ala. R. Civ. P., extends the personal jurisdiction of the Alabama courts to the limit of due process under the federal and state constitutions.’ ...
“This Court discussed the extent of the personal jurisdiction of Alabama courts in Elliott v. Van Kleef, 830 So.2d 726, 730 (Ala.2002):
“ ‘This Court has interpreted the due process guaranteed under the Alabama Constitution to be coextensive with the due process guaranteed under the United States Constitution. See Alabama Waterproofing Co. v. *1052 Hanby, 431 So.2d 141, 145 (Ala.1983), and DeSotacho, Inc. v. Valnit Indus., Inc., 350 So.2d 447, 449 (Ala.1977)....
‘“The Due Process Clause of the Fourteenth Amendment permits a forum state to subject a nonresident defendant to its courts only when that defendant has sufficient “minimum contacts” with the forum state. International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The critical question with regard to the nonresident defendant’s contacts is whether the contacts are such that the nonresident defendant “‘should reasonably anticipate being haled into court’ ” in the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), quoting WorldWide Volkswagen Corp. v. Woodson, 444 U.S. 286, 295, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).’ ”
Ex parte DBI, Inc., 23 So.3d 635, 643-44 (Ala.2009) (emphasis omitted).
Moreover, in Ex parte McNeese Title, LLC, supra, our supreme court noted the burden on the respective parties in establishing personal jurisdiction. Specifically,
“ ‘[our supreme court] has explained the appropriate analysis and the parties’ respective burdens on a personal-jurisdiction issue as follows. “The plaintiff has the burden of proving that the trial court has personal jurisdiction over the defendant. Ex parte Covington Pike Dodge, Inc., 904 So.2d 226 (Ala.2004).’ J.C. Duke & Assocs. Gen. Contractors, Inc. v. West, 991 So.2d 194, 196 (Ala.2008).
“ ““ “In considering a Rule 12(b)(2), Ala. R. Civ. P., motion to dismiss for want of personal jurisdiction, a court must consider as true the allegations of the plaintiffs complaint not controverted by the defendant’s affidavits, Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253 (11th Cir.1996), and Cable/Home Communication Corp. v. Network Productions, Inc., 902 F.2d 829 (11th Cir.1990), and “where the plaintiffs complaint and the defendant’s affidavits conflict, the ... court must construe all reasonable inferences in favor of the plaintiff.’ Robinson, 74 F.3d at 255 (quoting Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir.1990)).” ’
“ ‘ “Wenger Tree Serv. v. Royal Truck & Equip., Inc., 853 So.2d 888, 894 (Ala.2002) (quoting Ex parte McInnis, 820 So.2d 795, 798 (Ala.2001)). However, if the defendant makes a prima facie evidentia-ry showing that the Court has no personal jurisdiction, ‘the plaintiff is then required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and he may not merely reiterate the factual allegations in the complaint.’ Mercantile Capital, LP v. Federal Transtel, Inc., 193 F.Supp.2d 1243, 1247 (N.D.Ala.2002) (citing Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir.2000)). See also Hansen v. Neumueller GmbH, 163 F.R.D. 471, 474-75 (D.Del.1995) (‘When a defendant files a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2), and supports that motion with affidavits, plaintiff is required to controvert those affidavits with his own affidavits or other competent evidence in order to survive the motion.’) (citing Time Share Vacation Club v. Atlantic Resorts, Ltd, 735 F.2d 61, 63 (3d Cir.1984)).”
*1053 “ ‘Ex parte Covington Pike Dodge, Inc., 904 So.2d 226, 229-80 (Ala.2004) (...; footnote omitted).’
“Ex parte Excelsior Fin., Inc., 42 So.3d 96, 103 (Ala.2010).
“However, when the complaint fails to allege any jurisdictional basis, ‘there is nothing in the complaint ... that the court must consider as true and that therefore places [any] burden on [the defendant] to controvert by affidavit.’ Excelsior, 42 So.3d at 104 (defendant need not present evidence of absence of jurisdiction when the complaint contains no jurisdictional averments).”
Ex parte McNeese Title, LLC, 82 So.3d at 674 (emphasis omitted).
In the present case, the mother averred that she and the father were divorced by the Florida court in 1998 and that, after the divorce, she and the child moved to Alabama while the father moved to Maine, where he continued to reside at the time of the mother’s filings. Nothing in the mother’s petition alleged a basis for the trial court to exercise personal jurisdiction over the father.
The only allegations supporting the mother’s jurisdictional claim are found in the mother’s affidavit, in which she claimed that the father regularly had traveled to Alabama to visit with the child and that he had stayed at her apartment on one occasion in October 1999, presumably while visiting with the child. This court and our supreme court, however, have recognized that the mere act of exercising visitation with a child in Alabama is insufficient to establish minimum contacts with the state for jurisdictional purposes. See Coleman v. Coleman, 864 So.2d 371, 375-76 (Ala.Civ.App.2003) (directing the trial court to grant the husband’s motion to dismiss because, although the husband had occasionally visited the children in the State of Alabama, the husband did not have sufficient minimum contacts with the state to allow an Alabama court to exercise personal jurisdiction over him under the UIFSA); and Sena v. Sena, 709 So.2d 48, 51 (Ala.Civ.App.1998) (declaring portion of trial court’s judgment regarding paternity, child custody, and child support void for lack of jurisdiction because the husband did not have “requisite contacts with Alabama for the trial court to exercise in personam jurisdiction over him,” although he had visited Alabama several times).
Although the mother also alleges that she and the father executed an agreement modifying the Florida judgment on the issue of the father’s visitation schedule, the materials before this court do not contain a copy of that alleged modification agreement. The mother admits that she never filed that modification agreement with an Alabama court or with the Florida court and that she has misplaced her copy of the alleged modification agreement.[2]
Assuming without deciding that the mother’s allegations regarding the substance of the modification agreement are correct and that the father, in fact, agreed to modify his visitation schedule with the child and, in doing so, acknowledged that the mother and the child lived in Alabama, such an acknowledgment does not alter our resolution of the question whether the trial court has personal jurisdiction over the father. The mother’s representations regarding the contents of the alleged modification agreement, without more, are insufficient to subject the father to the per *1054 sonal jurisdiction of the courts of the State of Alabama.

Conclusion

For the above-stated reasons, the father’s petition for a writ of mandamus is granted. The trial court is directed to vacate its order denying the father’s motion to dismiss for lack of subject-matter jurisdiction and personal jurisdiction and to enter a new order dismissing the mother’s action.
PETITION GRANTED; WRIT ISSUED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.

. Based on the materials before this court, we cannot determine the number of copies of the Florida judgment the mother filed with the trial-court clerk. We note, however, that her petition to annex the Florida judgment indicates that "a certified copy of said Judgment is attached hereto ... as Exhibit A.” We also cannot determine whether the Florida judgment she. submitted to the trial court is the last judgment entered by the Florida court in the divorce action between the mother and the father. Because, however, the materials establish that the mother failed to submit copies of the complete Florida judgment and failed to provide a sworn statement of the claimed arrearage, we need not address these other alleged deficiencies.

. The father denies that he executed such an agreement, and the materials before this court contain no other evidentiary support to establish the existence of the alleged modification agreement, i.e., no affidavits from the witnesses to the execution of that agreement or other indicia that the agreement exists.